IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JEANNE HUBER-HAPPY           :          3:06 MC 389 (JGM)
:
:
V.                           :
:
JACK NELSON HAPPY            :          DATE: JANUARY 8, 2007
:
---------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis, filed on December 20, 2006 in this lawsuit (Dkt. #2)["December 2006 Ruling"], which ruling sets forth in detail the procedural history in a parallel removal action filed by Huber-Happy in Jack Nelson Happy v. Jeanne Huber-Happy, 3:05 CV 1096 (JCH), and the multiple decisions issued by U.S. District Judge Janet C. Hall (see 3:05 CV 1096 (JCH), Dkts. ##7, 46, 69, 82, 86, 91, 100, 122, 126, 130), as well as the Second Circuit (Dkts. ##110, 111, 134), the result of which was that the action was remanded back to the Virginia state court.

As the December 2006 Ruling recounted (at 1), in its Order, filed February 24, 2006 (Dkt. #111), the Second Circuit found Huber-Happy had filed her appeal "in bad faith, unreasonably and vexatiously," the appeal was "frivolous," and awarded sanctions against her in the amount of $10,840. The Second Circuit further ordered that the Clerk "shall not accept any more papers from Huber-Happy except upon sworn, written proof of payment of the sanctions imposed by this Court." (Id.).

The December 2006 Ruling also observed (at 1-2) that in her Ruling Re: Pending Motions, filed June 7, 2006 (Dkt. #126, at 7-8), Judge Hall imposed sanctions against Huber-

Happy in the amount of $1,487.15. In that Ruling (at 8), Judge Hall further advised plaintiff that under Local Rule 16(g)(2) of the Local Rules of the District of Connecticut:

> [T]he Clerk shall not accept for filing any papers from an attorney or pro se litigant against whom sanctions have been imposed until there has been payment of said sanctions. Pending payment, such attorney or pro se party also may be barred from appearing in court. An order imposing monetary sanctions becomes final for the purposes of this local rule when the Court of Appeals issues its mandate or the time for filing an appeal expires.

(effective March 1, 2003). Plaintiff's appeal to the Second Circuit was dismissed on August 2, 2006 (Dkt. #134) and her appeal to the U.S. Supreme Court was dismissed on October 2, 2006 (Dkt. #135).

As before in the December 2006 Ruling (at 2), there is no evidence in either file that plaintiff has made payment of the sanctions imposed by the Second Circuit or Judge Hall. Therefore, the December 2006 Ruling held that plaintiff's Motion for Leave to Proceed In Forma Pauperis was denied without prejudice to renew, after plaintiff produces written proof of payment of the sanctions imposed by the Second Circuit, as mandated by the Second Circuit in its Order, filed February 24, 2006, and by Judge Hall, in her June 7, 2006 Ruling (at 2)(emphasis in original).

On January 3, 2006, plaintiff filed the pending Motion for Reconsideration (Dkt. #3), in which she argues that she is entitled to proceed IFP (at 1), that her previous actions were taken in good faith and were not frivolous (at 1-2), and that the sanctions imposed on her "were incorrect and were merely intended to render [her] incapacitated in the courts. . . ." (at 3).

There is no reason to address plaintiff's arguments in this motion, in that the Second Circuit and U.S. District Judge Hall both have imposed sanctions upon plaintiff, which this Magistrate Judge is in no position to set aside. Therefore, plaintiff's Motion for

Reconsideration (Dkt. #3), is <u>granted, but the Magistrate Judge adheres to the same conclusion as reached in the December 2006 Ruling,</u> namely that plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis is denied without prejudice to renew, after plaintiff produces written proof of payment of the sanctions imposed by the Second Circuit, as mandated by the Second Circuit in its Order, filed February 24, 2006, and by Judge Hall, in her June 7, 2006 Ruling</u>.

In addition, as indicated above, in its Order, filed February 24, 2006 (Dkt. #111), the Second Circuit further ordered that the Clerk "shall not accept any more papers from Huber-Happy except upon sworn, written proof of payment of the sanctions imposed by this Court." Similarly, in her Ruling Re: Pending Motions, filed June 7, 2006 (Dkt. #126, at 7-8), after imposing sanctions on plaintiff, Judge Hall further advised plaintiff that under Local Rule 16(g)(2) of the Local Rules of the District of Connecticut: "[T]he Clerk shall not accept for filing any papers from an attorney or <u>pro se</u> litigant against whom sanctions have been imposed until there has been payment of said sanctions. Pending payment, such attorney or <u>pro se</u> party also may be barred from appearing in court."

Therefore, in accordance with the orders of the Second Circuit and Judge Hall, the Clerk's Office shall not accept any papers from plaintiff until there has been payment of the sanctions imposed upon her.

Dated at New Haven, Connecticut, this 8th day of January, 2007.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

3